UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| ROSIE M. ARNOLD ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 2:11-0126 |
| v. ) | Judge Sharp/Brown |
| ) | **Jury Demand** |
| FEDERAL-MOGUL PRODUCTS, INC., ) | |
| and DEBBIE HITCHCOCK, ) | |
| individually, ) | |
| ) | |
| Defendants ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16(d), the following Initial Case Management Plan is **adopted**.

**1. Jurisdiction:** Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 2617(a) and 42 U.S.C. §§ 2000e(5) and 12117(a). There is no dispute as to jurisdiction in this matter.

**2. Plaintiff's theory of the case:** Plaintiff brings this individual action pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), the Civil Rights Act of 1991, Title I of the Americans with Disabilities Act ("ADA"), and the Americans with Disabilities Act Amendments Act ("ADAAA"). Defendants violated these statutes by terminating Plaintiff's employment because she requested and took medical leave required by her serious health condition/disability. In October 2009, Defendants sent the Plaintiff home from work due to onset of severe hypertension, and instructed her to not return to work until she was released by her health care provider. Plaintiff followed these instructions. She

complained about being penalized for this absence and was again wrongfully denied leave in January 2010. Plaintiff was discharged by Defendants on February 10, 2010 for "unsatisfactory attendance." The unsatisfactory attendance included the absences that occurred when Defendants forced Plaintiff to take leave by sending her home due to severe hypertension the previous October. Plaintiff requests damages, interest, and liquidated damages arising from her discharge from employment with Defendants in violation of the FMLA and the ADAAA. Plaintiff further requests compensatory damages and punitive damages, and the award of such other equitable relief as is found by the Court to be appropriate and due under the statutes.

      3.    **Defendant's theory of the case:**  Defendants deny that they have engaged in any conduct in violation of the FMLA and the ADA. Federal-Mogul denies it was aware that Plaintiff claimed to be disabled under the ADA, or that Plaintiff requested leave for any absence relating to a serious health condition. Plaintiff was discharged for exceeding the maximum number of points allowed under Federal-Mogul's no-fault attendance policy, and not because of any disability or in retaliation for requesting FMLA leave. Defendants further deny any interference with Plaintiff's FMLA rights.

      Defendant Debbie Hitchcock denies that she played any role in the decision to terminate Plaintiff, or that she otherwise engaged in any conduct in violation of Plaintiff's FMLA rights for which she can be held individually liable.

**4. Plaintiff's Identification of the issues:**

    **a.** Whether Defendants violated Plaintiff's rights under the FMLA and the ADAAA;

    **b.** The relief to be awarded to Plaintiff for Defendants' violations of the FMLA and the ADAAA.

**5. Defendants' Identification of the issues:**

    **a.** Whether Defendant Federal-Mogul violated Plaintiff's rights under the FMLA and the ADAAA;

    **b.** Whether Defendant Debbie Hitchcock took any actions in violation of Plaintiff's rights under the FMLA and the ADAAA that would subject her to individual liability;

    **c.** The relief, if any, to be awarded to Plaintiff for the averred violations of the FMLA and the ADAAA by Federal-Mogul.

    **d.** The relief, if any, to be awarded to Plaintiff for the averred violations of the FMLA and the ADAAA by Debbie Hitchcock in her individual capacity.

    **e.** Whether Plaintiff was "disabled" under the ADA, and if so, whether Federal-Mogul was aware of any such disability during her employment.

    **f.** Whether Plaintiff gave notice that any leave or absence that she took was related to a serious health condition as defined by the FMLA.

    **g.** Whether Federal-Mogul's decision to discharge Plaintiff for violation of its attendance policy violated the ADA and the FMLA.

    **h.** Whether Federal-Mogul's decision to discharge Plaintiff was because she was disabled under the ADA, and not because of her violation of its attendance policy.

    **i.** Whether Federal-Mogul's decision to discharge Plaintiff was in retaliation for a request for FMLA leave, and not because of her violation of its no-fault attendance policy.

**j.** Whether Plaintiff's claims were timely filed within the respective statutes of limitations for the ADA and the FMLA.

**6. Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:** The Parties do not anticipate at this time any counter-claims, cross-claims, third-party claims, joinder of other parties or claims, class action certification, or the need for resolution of any issues arising under the above-cited rules.

**7. Witnesses:** Plaintiff currently intends to call as witnesses herself and William H. Sherwood, M.D.

In addition, Defendants identify the following as likely witnesses: Debbie Hitchcock, Ned Cobb, HR Manager, and Larry Lawrence, Plaintiff's former supervisor.

**8. Initial Disclosures and Staging of Discovery:** The Parties will make initial disclosures on or before **May 14, 2012**. All discovery shall be completed by both Parties no later than **December 31, 2012**. Prior to the filing of any discovery-related motion, the Parties will schedule and conduct a telephone conference with the Magistrate Judge. The Counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

**9. Dispositive motions:** The Parties shall file any and all dispositive motions with the Court no later than **February 28, 2013**. Responses to such motions shall be filed no later than **March 28, 2013**. The Parties shall have the opportunity to file a reply

to any response no later than **April 11, 2013**. If dispositive motions are filed early, the response and reply dates are moved up accordingly. The motion and response memoranda are limited to **25 pages** and the reply, if a reply is filed, is limited to **five pages**, absent Court permission for longer pleading.

    **10. Other deadlines**: **October 16, 2012,** is the final deadline for all motions to amend, or to add parties.

    **11. Subsequent case management conferences:** A telephone conference with Magistrate Judge Brown to discuss case progress is set for **October 30, 2012, at 10:00 a.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.**

    **12. Alternative dispute resolution:** The Parties have discussed possible settlement without success. It is unknown at this time whether there is any prospect of settlement. Consequently, it is unknown if there is any need for a settlement conference or a need for utilization of alternative dispute resolution techniques.

    **13. Consent to trial before the Magistrate Judge:** The Parties do not consent to trial before the Magistrate Judge.

    **14. Target trial date**: The parties estimate that this jury trial will take two to three days, depending on what issues remain for trial. After consulting with Judge Sharp's courtroom deputy, this matter is set for trial on **August 21, 2013**, **at 9:00 a.m.** in Cookeville. Judge Sharp will conduct the final pretrial

conference on **August 6, 2013, at 1:30 p.m.,** in Cookeville.  Judge Sharp will issue a separate order covering his requirements for the final pretrial conference and the trial.

    It is so **ORDERED**.

<pre>                                        /s/   Joe B. Brown
                                        JOE B. BROWN
                                        United States Magistrate Judge</pre>